**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

---

Darcel Keyes,                          Case No.: 2:17-cv-11492 (GAD/SDD)

        Plaintiff,

v.                                     <u>**SECOND AMENDED**</u>
                                       <u>**COMPLAINT**</u>

Ocwen Loan Servicing, LLC,

        Defendant.

---

**INTRODUCTION**

1.  This action for damages is brought by an individual plaintiff in response to Defendant's violations of the the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Michigan Collection Practices Act ("MCPA"), MCL § 445.251 *et al*.

2.  The Telephone Consumer Protection Act was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like the plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings

---

Page 1 of 17

that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." TCPA, Pub.L. No. 102–243, at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. Darcel Keyes ("Plaintiff"), through her attorneys, brings this action to challenge the actions of Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

6.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

7.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.   Unless otherwise stated, all the conduct engaged in by Defendant took place in Michigan.

9.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

### JURISDICTION AND VENUE

10.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367 for supplemental state claims.

11.  This action arises out of Defendant's violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

12.  Because Defendant does business within the Eastern District of Michigan, personal jurisdiction is established.

13.  Venue is proper pursuant to 28 U.S.C. § 1391(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Michigan.

## PARTIES

14.  Plaintiff is a natural person who resides in the City of Pontiac, State of Michigan.

15.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16.  Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer" or "debtor" as that term is defined by MCL § 445.251(1)(d).

17.  Ocwen has its principal place of business in the City of West Palm Beach, in the State of Florida.

18.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

19.  Defendant is a "person" as defined by MCL § 445.251(1)(f).

20.  Defendant is a "regulated person" as defined by MCL § 445.251(1)(g).

## FACTUAL ALLEGATIONS

21.  Between May 10, 2013 and November 21, 2016, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 9378 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

22.  Plaintiff further alleges on information and belief that after November 21, 2016, Defendant continued to call Plaintiff on Plaintiff's cellular telephone number ending in 9378 via an "automatic telephone dialing system" ("ATDS"),

as defined by 47 U.S.C. § 227(a)(1), and/or using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A), a number of times and with a degree of frequency to be determined via discovery.

23. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or beep-tone, before an Ocwen Representative would pick up and start speaking.

25. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

26. In total, Defendant called Plaintiff's cellular telephone number *at least* 2,761 times from May 10, 2013 to present.

27. For example, Plaintiff received at least 843 calls in 2015 from Defendant, particularly:

   • 75 calls in January 2015.

   • 107 calls in February 2015.

   • 52 calls in March 2015.

   • 68 calls in April 2015.

   • 53 calls in May 2015.

   • 47 calls in June 2015.

   • 83 calls in July 2015.

- 64 calls in August 2015.

- 61 calls in September 2015.

- 53 calls in October 2015.

- 60 calls in November 2015.

- 120 calls in December 2015.

28. Defendant relentlessly called Plaintiff multiple times a day.

29. Plaintiff received hundreds of calls on weekends and holidays.

30. Plaintiff received calls as early as 8:01 A.M. until as late as 8:49 P.M.

31. Defendant was systematic and relentless in its calls to Plaintiff.

32. Though only data from May 2013 through November 2016 is presented above, Plaintiff recalls receiving calls from Defendant beginning in 2008.

33. Sometime before 2011 and numerous times thereafter, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by telephone. Plaintiff answered several of the above mentioned telephone calls from Defendant and asked Defendant to stop calling.

34. Despite clear and unmistakable requests, the calls continued without interruption.

35. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

36. Each of these calls was an attempt to collect on a "debt" allegedly due and owing by Plaintiff, as defined by MCL § 445.251(1)(a).

37. The calls by Defendant to Plaintiff's cell phone continued, with representatives stating that they would continue regardless of Plaintiff's pleas, even after Plaintiff's oral revocation.

38. As a recent example, in a call recording from March 23, 2016 at approximately 2:56 PM—the fourth time Defendant had called Plaintiff on that day by that time—Plaintiff clearly demanded that Defendant "stop calling" but Defendant's representative explicitly told Plaintiff, "the calls will continue if you do not…" with the representative trailing off as Plaintiff again demanded that the calls stop.

39. In response to Plaintiff's March 23, 2016 revocation, Defendant again called Plaintiff two more times that day, with the latest call coming in at 8:49 PM.

40. True to its word, as noted in Paragraph 38, the calls continued the next morning on March 24, 2017 beginning at 8:46 AM with another twenty-six calls through the end of the month and hundreds more through the rest of the year.

41. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

42.   Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

43.   The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

44.   The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members.

45.   Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant's unwanted and intrusive calls.

46.   In doing so, Plaintiff missed important communications from friends and family.

47.   Through its actions, Defendant committed numerous violations of the MCPA, MCL § 445.252.

48.   Particularly, Defendant used a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. Consequently, Defendant violated MCL § 445.252(n).

## *Damages*

49. Defendant caused an invasion of Plaintiff's privacy by calling his cellular phone at least 2,761 times in an attempt to collect a debt.

50. Defendant caused Plaintiff emotional distress and embarrassment by calling him repeatedly and continuously.

51. Defendant consumed and wasted Plaintiff's cell phone battery life.

52. Defendant wasted hours of Plaintiff's time by calling Plaintiff when Defendant had no right to call Plaintiff.

53. Defendant caused the Plaintiff to suffer the frustration and annoyance the TCPA was enacted to prevent. *See e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## STANDING

54. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

     b.  which is traceable to the conduct of Defendant;

     c.  and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

55.    In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

56.    Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

57.    For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.  In the present case, Plaintiff was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

58.    For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS. Finally, Plaintiff alone is responsible to pay the bill on Plaintiff's cellular phone.

### *The "Traceable to the Conduct of Defendant" Prong*

59.   The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

60.   In the instant case, this prong is met simply by the fact that the calls to Plaintiff's cellular phone were placed either, by Defendant directly, or by Defendant's agent at the direction of Defendant.

### *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

61.   The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

62.   In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

63.   Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

64.    Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## CAUSES OF ACTION

### COUNT I

#### NEGLIGENT VIOLATIONS OF THE
#### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
#### 47 U.S.C. § 227

65.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

66.    The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227.

67.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

68.    Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### COUNT II

#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
#### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
#### 47 U.S.C. § 227

69.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

71. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

72. Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**COUNT III**

**NEGLIGENT VIOLATIONS OF THE
MICHIGAN COLLECTION PRACTICES ACT (MCPA)
MCL §§ 445.251 *ET SEQ.***

73. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

74. The foregoing acts and omissions constitute numerous and multiple violations of the MCPA, including but not limited to each and every one of the above-cited provisions of the MCPA, MCL § 445.252 *et seq*.

75. As a result of each and every negligent violation of the MCPA, Plaintiff is entitled to any actual damages or statutory damages in an amount of at least $50.00, whichever is greater, pursuant to MCL § 445.257(2).

## COUNT IV

### WILLFUL VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT (MCPA)
### MCL §§ 445.251 *ET SEQ.*

76.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

77.   The foregoing acts and omissions constitute numerous and multiple violations of the MCPA, including but not limited to each and every one of the above-cited provisions of the MCPA, MCL § 445.252 *et seq*.

78.   As a result of each and every willful violation of the MCPA Plaintiff is entitled to not less than three times Plaintiff's actual damages or statutory damages in an amount of at least $150.00, whichever is greater, and reasonable attorneys' fees and costs incurred pursuant to MCL § 445.257(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227

• Statutory damages of $500 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

• Any and all other relief that the Court deems just and proper.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227

•     Statutory damages of $1,500, for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

•     Any and all other relief that the Court deems just and proper.

## COUNT III

### NEGLIGENT VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### MCL §§ 445.251 ET SEQ.

•     An award of actual damages or $50.00, whichever is greater.

•     Any and all other relief that the Court deems just and proper.

## COUNT IV

### WILLFUL VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### MCL §§ 445.251 ET SEQ.

•     An award of at least three times the actual damages or $150.00, whichever is greater;

•     An award of costs of litigation and reasonable attorneys' fees, pursuant to MCL § 445.257(2).

•     Any and all other relief that the Court deems just and proper.

**JURY DEMAND**

79.    Pursuant to the seventh amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

**HYDE & SWIGART**

Date: <u>November 7, 2017</u>                    By:<u>/s/ Anthony Chester</u>
                                               Anthony P. Chester
                                               Attorney Number: P77933
                                               **HYDE & SWIGART**
                                               120 South 6th Street, Suite 2050
                                               Minneapolis, MN 55402
                                               Telephone:   (952) 225-5333
                                               Facsimile:    (800) 635-6425
                                               Email: <u>tony@westcoastlitigation.com</u>

                                               Josh B. Swigart
                                               Attorney Number: P80434
                                               **HYDE & SWIGART**
                                               2221 Camino Del Rio South, Suite 101
                                               San Diego, CA 92108
                                               Telephone: (619) 233-7770
                                               Facsimile: (619) 297-1022
                                               Email: <u>josh@westcoastlitigation.com</u>

                                               Abbas Kazerounian, Esq.
                                               Attorney Number P80433
                                               **Kazerouni Law Group, APC**
                                               245 Fischer Ave, Unit D1
                                               Costa Mesa, CA 92626
                                               Telephone:   (800) 400-6808 Ext. 2
                                               Facsimile:    (800) 520-5523
                                               Email: <u>ak@kazlg.com</u>

                                               *Attorneys for Darcel Keyes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2017, I electronically filed with the Clerk of the U.S. District Court, Eastern District of Michigan, the foregoing **SECOND AMENDED COMPLAINT** by using the CM/ECF system, which will send notification of such filings to all attorneys of record.

Date: <u>November 7, 2017</u>

By:<u>/s/ Anthony Chester</u>
    Anthony P. Chester
    Attorney Number: P77933
    **HYDE & SWIGART**
    120 South 6th Street, Suite 2050
    Minneapolis, MN 55402
    Telephone:   (952) 225-5333
    Facsimile:   (800) 635-6425
    Email: <u>tony@westcoastlitigation.com</u>